THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EDWARD O. RANDALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:20-CV-242 |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. § 1446(b)**

Comes now Defendant, State Farm Mutual Automobile Insurance Company, by counsel, Galen A. Bradley of Kightlinger & Gray, LLP, and for its Notice of Removal Pursuant to 28 U.S.C. § 1446(b), states:

### I.  Background

1. The present action arises out of a motor vehicle accident which took place on November 7, 2018, wherein the Plaintiff, Edward O. Randall, claims to have sustained personal injury. (*See* Plaintiff's Complaint for Damages, attached hereto as "Exhibit A").

2. 28 USCS § 1446(b)(3) and (c)(3)(a) provide that Notice of Removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of "other paper" including information and responses to discovery, from which it may first be ascertained that the case is one which is or has become removable.

3. State Farm was served on June 8, 2020. (*See* Notice of Service of Process, attached hereto as "Exhibit B").

4. Accordingly, the present Notice is filed within thirty (30) days of service.

## II. Diversity Jurisdiction

5. 28 USCS § 1441 provides:

> "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. 28 USCS § 1332(a) provides:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) Citizens of different States;"

7. Diversity of citizenship exists between the Plaintiff, who is a citizen of the State of Indiana, and Defendant State Farm, which is a citizen of the state of Illinois.

8. The Plaintiff is a resident of Lake County, Indiana and, therefore, is a citizen domiciled in Indiana. (See Exhibit "A", ¶ 1.) *See Precision Alliance Group, LLC v. Gro Alliance, LLC*, 2007 U.S. Dist. LEXIS 84634 (D. Ind. 2007) ("[f]or natural persons, state citizenship is determined by one's domicile."); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) (citizenship for purposes of § 1332 means domicile).

9. Defendant State Farm is a corporation. *See Pastor v. State Farm Mut. Auto. Ins. Co.,* 487 F.3d 1042, 1047-48 (7th Cir. 2007) (State Farm Mutual Automobile Insurance Company is a corporation and is treated as a corporation for the purposes of diversity jurisdiction).

10. For the purposes of section 1332 and section 1441, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 USC § 1332(c).

11. Defendant State Farm is incorporated in the State of Illinois. *See Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1047-1048 (7th Cir. 2007) (State Farm Mutual Automobile Insurance Company is incorporated in Illinois).

12. The Seventh Circuit has adopted the "nerve center test" to determine a corporation's principal place of business. *Chamberlain Mfg. Corp. v. Maremont Corp.*, 1993 U.S. Dist. LEXIS 1215 (D. Ill. 1993). "We look for the corporation's brain, and ordinarily find it where the corporation has its headquarters." *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). Among the factors considered by the Seventh Circuit in determining the location of corporation's nerve center are the location of the general offices and where management decisions are made. *Chamberlain Mfg. Corp. v. Maremont Corp.,* 1993 U.S. Dist. LEXIS 1215 (D. Ill. 1993).

13. The location of the general offices and the "nerve center" of Defendant State Farm is Bloomington, Illinois. *See Pastor v. State Farm Mut. Auto. Ins. Co.,* 487 F.3d 1042, 1047-1048 (7th Cir. 2007) (State Farm Mutual Automobile Insurance Company is incorporated in Illinois).

14. Defendant State Farm is both incorporated in Illinois and has its principal place of business in Illinois. *See id.* at 1047-1048 (7th Cir. 2007) (State Farm Mutual Automobile Insurance Company is a citizen of Illinois as it "is both incorporated in and has its principal place of business in Illinois"), and therefore, diversity of citizenship exists between the Plaintiff and Defendant State Farm.

### III.   Amount in Controversy

15. "[T]he court may consider various means to determine how much is in controversy, including (but not limited to) interrogatories or admissions, calculation from

the complaint's allegations, reference to the plaintiff's informal estimates or settlement demands, or defendant affidavits regarding how much it would cost to satisfy the plaintiff's demands." *Mo. Franchise Dev. Sys., LLC v. McCord*, 2007 U.S. Dist. LEXIS 32629, 7-8 (D. Ill. 2007); *see also Bailey v. ConocoPhillips Co.*, 2006 U.S. Dist. LEXIS 87653 (D. Ill. 2006); *Shadday v. Mahuad*, 2006 U.S. Dist. LEXIS 57283, 8-9 (D. Ind. 2006) ("When the plaintiff's complaint does not establish the amount in controversy, defendant can point to relevant contentions or admissions, settlement demands, and other evidence.").

16. Here, the Plaintiff claims he is entitled to recover uninsured/underinsured motorist benefits under his policy of insurance with the Defendant, which policy limits equal $100,000.00. (Declarations Page, attached hereto as Exhibit C). Furthermore, the Plaintiff asserts a claim for bad faith against the Defendant and seeks punitive treble damages. (Exhibit A ¶ 8).

17. Therefore, the amount in controversy exceeds $75,000.00.

WHEREFORE, the Defendant, State Farm Mutual Automobile Insurance Company, by counsel, hereby serves its Notice of Removal pursuant to 28 U.S.C. § 1446(b).

        Respectfully submitted,
        **KIGHTLINGER & GRAY, LLP**
        Attorneys for Defendant
        State Farm Mutual Automobile Insurance Company

        s/Galen A. Bradley
        Galen A. Bradley, #18545-64
        gbradley@k-glaw.com

**KIGHTLINGER & GRAY, LLP**
8001 Broadway, Suite 100
Merrillville IN  46410
Telephone:  219/769-0413
Fax:  219/769-0798

206200\60293290-1